UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00088-LLK

KIMBERLY A. MEDINA                                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN, Commissioner of Social Security                               DEFENDANT


## MEMORANDUM OPINION AND ORDER FOR FURTHER BRIEFING

This matter is before the Court upon the Commissioner's motion to dismiss Plaintiff's complaint seeking judicial review of the final decision of the Commissioner as having been filed outside the 60-day statute of limitations established by 42 U.S.C. § 405(g). The motion is at Docket Number (DN) 8, and Plaintiff's response in opposition is at DN 9.

Section 405(g) provides that Plaintiff should have filed her complaint "within sixty days after the mailing to [her] of notice of [the decision of the Appeals Council declining to review the decision of the administrative law judge] or within such further time as the Commissioner of Social Security may allow." 20 C.F.R. § 422.210(c) clarifies that the complaint must be filed within 60 days after the Appeals Council's notice of decision is "received by the individual, institution, or agency." This Court recently held that the complaint must be filed within 60 days after the Appeals Council notice is actually received in the mail by Plaintiff, not her attorney. *Ashcraft v. Astrue*, Civil Action No. 5:11-CV-00144-TBR, 2012 WL 1231789 (W.D.Ky).

Section 422.210(c) further provides that Plaintiff is presumed to have received notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary."

Ms. Ashcraft did not attempt to rebut the foregoing presumption but remained silent on the date (if any) of her receipt of the notice. Instead, she attempted to rely upon submission of exhibits documenting the date of her attorney's receipt of the notice. As indicated above, *Ashcraft* held that this was legally inadequate.

Assuming the above presumption is unrebutted in the present case and utilizing the precise method of calculation in *Ashcraft*, Plaintiff's complaint appears to have been filed three days late: The Appeals Council notice was dated February 24, 2014. DN 8-2, p. 17 of 19. Plaintiff's 60 days began to run 5 days thereafter on March 1, 2014. The 60-day period elapsed on Tuesday, April 29, 2014, which is the latest date on which Plaintiff could file her lawsuit. Plaintiff filed her complaint three days late on Friday, May 2, 2014.

This case is like *Ashcraft* in that Plaintiff attempts to rely upon counsel's receipt of notice. It is unlike *Ashcraft* in that Plaintiff also relied on her own affidavit that "I did not know that the Appeals Council had rendered a decision in my claim until I received a letter from my attorney in April, 2014." DN 9-1.

In *Salter v. Colvin*, 2014 WL 1280269, the Northern District of Ohio considered a number of cases within the Sixth Circuit, including *Ashcraft*, and determined that there is authority for the proposition that, under certain circumstances, an attorney's affidavit of having received the notice after the five-day period may "buttress" a plaintiff's affidavit of non-receipt during this period such that "plaintiff herself" rebuts the five-day presumption.

Plaintiff's affidavit is unclear as to the date, if any, of her receipt of the Appeals Council notice.

2

The Court being sufficiently advised, it is hereby ORDERED that:

1. Within 30 days of entry of this Order, Plaintiff may submit an amended affidavit and/or memorandum of law in light of the *Ashcraft* and *Salter* cases.

2. Within 30 days after service of Plaintiff's affidavit and/or memorandum or expiration of Plaintiff's 30 days (whichever shall occur first), the Commissioner may file a responsive memorandum.

3. The Court shall then issue a ruling on the Commissioner's motion to dismiss (DN 8).