UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00088-LLK

KIMBERLY A. MEDINA                                                                         PLAINTIFF

v.

CAROLYN W. COLVIN, Commissioner of Social Security                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Commissioner's motion to dismiss Plaintiff's complaint seeking judicial review of the final decision of the Commissioner as having been filed outside the 60-day statute of limitations established by 42 U.S.C. § 405(g). Docket Number (DN) 8.[1] This matter is ripe for determination.

For the reasons below, the motion is DENIED.

### Discussion

42 U.S.C. § 405(g) provides a 60-day window in which to obtain review of a final decision of the Commissioner:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

"The Commissioner has interpreted 'mailing' as the date of the applicant's receipt of the decision, and the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary." *Harris v. Commissioner*, 2001 WL 1590669 (6th Cir.) citing 20 C.F.R. § 422.210(c).

---

[1] Plaintiff responded in opposition to the motion (DN 9), and the Court entered a Memorandum Opinion And Order For Further Briefing (DN 11). Plaintiff submitted a supplemental affidavit and brief (DN 12), and the Commissioner did not respond.

1

For the reasons below, Plaintiff has made a reasonable showing that she did not receive the Commissioner's notice of decision in the mail at any time. Therefore, the statute of limitations did not commence running, and the complaint was timely filed.[2]

Plaintiff's affidavit indicates the reasons why "[i]t is my belief that I did not receive any notice from the Appeals Council regarding my claim." DN 12-1.

The Court finds the affidavit to be credible. However, under this Court's standards, "[b]y itself, an affidavit from the claimant asserting non-receipt is not enough to rebut the [5-day] presumption." *Ashcraft v. Commissioner*, Civil Action No. 5:11-CV-00144-TBR, 2012 WL 1231789 (W.D.Ky) citing *Kinash v. Commissioner*, 129 F.3d 736, 738 (5th Cir.1997).

The Appeals Council routinely mails out copies of its decision to both the claimant and counsel of record, presumably at about the same time. The 5-day presumption is rebutted in this case by the combination of Plaintiff's affidavit and counsel's affidavit and date-stamped copy of the Appeals Council's decision. The decision is dated February 24, 2014, and the date-stamp is March 3, 2014 -- 2 days beyond the 5-day presumption. DN 9-2.[3]

This case thus falls within the line of cases discussed in *Salter v. Commissioner*, 2014 WL 1280269 (N.D.Ohio) in which "receipt of notice by plaintiff's attorney[] [] buttress[es] plainitff's claim" of non-receipt and overcomes the 5-day presumption.[4] See *Salter* citing, inter alia, *Mclaughlin v. Commissioner*, 2011 WL 5085011 (1st Cir.) for the proposition that the 5-day presumption is overcome where plaintiff provided "explanation for why she was sure that receipt had occurred after the

---

[2] But for this reasonable showing, the complaint would have been filed three days late: The Appeals Council notice was dated February 24, 2014. DN 8-2, p. 17 of 19. Plaintiff's 60 days began to run 5 days thereafter on March 1, 2014. The 60-day period elapsed on Tuesday, April 29, 2014. Plaintiff filed her complaint on Friday, May 2, 2014.

[3] Assuming, for the sake of argument, that the 60-day statute of limitations commenced running on March 3, 2014, when counsel received notice, the complaint was timely filed on May 2, 2014.

[4] In the prior Memorandum Opinion And Order For Further Briefing, the Court invited the parties to address the applicability of the *Salter* "buttressing" line of cases. DN 11, p. 2.

2

presumptive date [if at all] and she submitted evidence in support, i.e., her attorney's copy of the notice, dated-stamped one day after the presumptive date."

For the foregoing reasons, the Commissioner's motion to dismiss Plaintiff's complaint as having been untimely filed (DN 8) is DENIED.