UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00088-TBR-LLK

KIMBERLY MEDINA                                                                                                Plaintiff

v.

CAROLYN W. COLVIN,                                                                                         Defendant
COMMISSIONER OF SOCIAL SECURITY

### MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 636, the above matter was referred to the United States Magistrate Judge for consideration and preparation of Findings of Fact, Conclusions of Law, and a Report and Recommendation. (Docket No. 27.) The Magistrate Judge recommended that this Court affirm the final decision of the Commissioner and, consequently, dismiss Plaintiff Kimberly Medina's Complaint. (Docket No. 27 at 3.) The Court has reviewed the record, the Magistrate's Report and Recommendation, (Docket No. 27), Ms. Medina's Objection to the Report and Recommendation, (Docket No. 28), the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security's ("Commissioner") Response, (Docket No. 29), and Ms. Medina's Reply (Docket No. 31). As developed more fully below, Plaintiff's Objection is OVERRULED and this action is DISMISSED.

### Legal Standard

The Court reviews *de novo* the portions of the Magistrate's Report and Recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). The Commissioner's determination, need only "be supported by substantial evidence in the record as a whole." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). As long as the ALJ's "decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011) (citing *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

## Procedural History

The facts in this matter were recited in the Magistrate's Report and Recommendation. (Docket No. 27.) In the interest of brevity, the Court will not recite the remaining factual background again. However, the Court will recite the procedural background on which this matter comes before it.

Ms. Medina's claim for disability benefits was denied initially on September 24, 2009, and upon reconsideration on December 2, 2009. (Docket No. 17-3 at 9.) Ms. Medina then requested a hearing before an ALJ, and the hearing took place on October 20, 2010. (Docket No. 17-3 at 9.) The ALJ issued an unfavorable decision, and Ms. Medina petitioned the Appeals Council for review. (Docket No. 17-3 at 17, 31.) The Appeals Council granted Ms. Medina's request for review and remanded her claim for a new hearing. (Docket No. 17-3 at 31-32.) Subsequently, another ALJ issued an unfavorable decision, specifically finding that "the claimant is capable of performing past relevant work." (Docket No. 17-2 at 16.) Additionally, the ALJ found that:

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate . . . .

(Docket No. 7-2 at 17.) After the ALJ's denial, Ms. Medina once again requested review of the decision by the Appeals Council. The Appeals Council denied Ms. Medina's request for review, and she filed this action. (Docket Nos. 1; 17-2 at 2.) The Magistrate Judge issued a Findings of Fact, Conclusions of Law, and Recommendation, (Docket No. 27), to which Ms. Medina filed the present Objection to the Magistrate Judge's decision. (Docket No. 28.)

**Discussion**

In her Objection, Ms. Medina argues that the ALJ's finding that the opinion of her treating physician, Dr. Manchikanti, is "inconsistent with and not supported by objective findings of record[]," (Docket No. 17-2 at 15), "is not supported by substantial evidence, and is in direct contradiction to the evidence of record." (Docket No. 28 at 3.) In support of her argument, Ms. Medina relies on the diagnoses provided by her various treating physicians and the results of two different MRIs. (Docket Nos. 28 at 3-4; 31 at 2.)

In his Recommendation, the Magistrate Judge found unpersuasive Ms. Medina's argument that Dr. Manchikanti's opinion was supported by objective medical evidence, "particularly a lumbar spine MRI obtained in June, 2011." (Docket No. 27 at 2.) The Magistrate Judge reasoned that "because the MRI and medical diagnoses predicated thereupon did not exist when Dr. Manchikanti gave his opinion in September, 2010[,] [s]uch evidence cannot retroactively support [his] opinion." (Docket No. 27 at 2.) Ms. Medina disagrees with this conclusion and notes that "[t]he Magistrate Judge offers no legal authority to support that novel conclusion." (Docket No. 28 at 4.) Ms. Medina argues that "[t]he MRIs are certainly objective evidence. . . . [and] [t]he fact that the MRIs were done after Dr. Manchikanti filled out his RFC Form does not render them irrelevant." (Docket No. 28 at 4.) While Ms. Medina's objection is valid, this Court nevertheless finds that there is substantial evidence to support the ALJ's decision.

3

The Commissioner has promulgated standards for the treatment of medical source evidence. 20 C.F.R. § 404.1527; *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). The standard at issue in this case is known as the treating physician rule. *Cole*, 661 F.3d at 937. Under this rule, "the Commissioner has mandated that the ALJ will give a treating source's opinion controlling weight *if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.*" *Id.* (emphasis added) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted). When the ALJ does not give the treating physician's opinion controlling weight, the ALJ must apply certain factors, including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," to determine what weight to give to the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(c)(2)). The Commissioner's regulations also require that the ALJ give "good reasons" for the weight he or she gives to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). Consequently, if an ALJ denies a claimant benefits, the ALJ's opinion "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 61 Fed. Reg. 34,490, 34,492 (July 2, 1996)) (internal quotation marks omitted).

In this case, the ALJ stated that:

> While [Dr. Manchikanti's] opinion is very limiting and essentially provides the claimant would be unable to sustain work activity on a regular basis, the level of limitations provided are inconsistent with and not supported by objective findings of record[]. Dr. Manchikanti's assessment appears to be more consistent with the claimant's own

> subjective assertions instead of the overall objective medical evidence. Therefore, . . . this opinion is inconsistent with the evidence of record and is not entirely credible.

(Docket No. 17-2 at 15.) The ALJ's opinion contained specific reasons for the weight given to Dr. Manchikanti's opinion in accordance with *Wilson* and Social Security Ruling 96-2p.

Furthermore, the ALJ's opinion is supported by substantial evidence. In her Objection, Ms. Medina points to five particular doctors' reports in which she highlights the diagnoses of the physician or the physician's interpretation of an MRI to support her argument that the ALJ's decision to give Dr. Manchikanti's opinion little weight is not supported by substantial evidence. (Docket Nos. 28 at 3-4; 31 at 2.) The Sixth Circuit has noted that "when doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, [the] court has regularly found substantial evidence to support a finding of no severe impairment." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) (quoting *Long v. Apfel*, 1 F. App'x. 326, 331 (6th Cir. 2001)). Furthermore, the Sixth Circuit has found that "[t]he mere diagnosis of [a condition] . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). As the Magistrate Judge noted in his Recommendation, the reports to which Ms. Medina cites do "not opine any specific functional limitations based on these raw clinical findings and diagnoses." (Docket No. 27 at 2.)

Most importantly, to support her conclusions regarding Dr. Manchikanti's opinion, the ALJ provided sufficient evidence earlier in her opinion. The ALJ noted that in Ms. Medina's medical records, she "acknowledged that overall she has benefitted from epidural steroid injections and felt substantially better by January 2012." (Docket No. 17-2 at 15.) The ALJ also highlighted that "[t]here was some decreased range of motion in the cervical spine, but overall functional." (Docket No. 17-2 at 15.) Additionally, Dr. Kern, one of Ms. Medina's treating physicians, "advised [her] to continue steroid injections for her mechanical/myofascial back pain." (Docket No. 17-2 at 15.) Lastly, the ALJ included in her decision that "[p]rogress notes

5

indicate some diminished range of motion in the lumbar spine, with no evidence of myelopathy or decreased strength/reflexes in her upper extremities." (Docket No. 17-2 at 15.) Given the evidence that the ALJ provided to support her determination that Dr. Manchikanti's opinion was "inconsistent with and not supported by objective findings of record[]," (Docket No. 17-2 at 15), this Court finds that her opinion is supported by substantial evidence.

For the foregoing reasons, the Plaintiff's Objection is OVERRULED.

IT IS FURTHER ORDERED that this action is DISMISSED.

cc: Counsel